IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTONIO ESCOBAR                                                                                  PETITIONER

v.                                              CIVIL NO.  19-50098-001

UNITED STATES                                                                                    RESPONDENT

**REPORT AND RECOMMENDATION**

Petitioner Antonio Escobar ("Petitioner") filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 48) on January 3, 2022.  The Court directed a response from the United States which was filed on January 21, 2022 (ECF No. 51).  The Motion is assigned to U.S. District Court Judge Timothy L. Brooks who referred it to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VIII)(B) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas.

## I.    Background

Review of the procedural history of Petitioner's criminal case reveals that on October 4, 2019, Petitioner was indicted by a grand jury with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(1).  Joe Alfaro, Assistant Federal Public Defender, was appointed to represent Petitioner, who pled not guilty at his arraignment on October 29, 2019, but changed his plea to guilty on December 3, 2019. (ECF Nos. 9, 11, 15, 16).    On January 30, 2020, the U.S. Probation Office filed the Presentence Investigation Report (PSIR); the United States had no objections to the PSIR, but after receiving an extension, Petitioner's counsel

1

filed objections to the PSIR on February 27, 2020. (ECF Nos. 17, 20-23). The PSIR was finalized with an Addendum and Letters of Support, and a sentencing recommendation was provided to the Court on February 28, 2020. (ECF No. 24, 25).

Petitioner's Base Offense Level for the purposes of sentencing was calculated at a Level 24 pursuant to USSG § 2K2.1(a)(2) because Petitioner previously had been convicted of multiple (four) felony drug offenses in Benton County Circuit Court. (ECF No. 24, p. 6, ¶ 19; *see also* ¶¶ 34, 49, 54). The base offense level was then increased by 2 levels to 26 because the firearm Petitioner illegally possessed was stolen. (ECF No. 24, p. 6, ¶¶ 20, 24). Petitioner's base offense level then increased from 26 to 33 pursuant to application of 18 U.S.C. § 924(e) – the Armed Career Criminal Act ("ACCA") – and USSG § 4B1.4(a). (ECF No. 24, p. 6, ¶ 25). After reducing the base offense level by 3 levels for acceptance of responsibility, Petitioner's total offense level for purposes of calculating the Guideline range was 30. (ECF No. 24, p. 6, ¶ 26-28). Petitioner's criminal history score (15) was calculated, determining Petitioner was in Category VI for purposes of the USSG analysis. (ECF No. 24, p. 16, ¶ 57). Petitioner's guideline imprisonment range was 168 to 210 months; however, with application of the ACCA enhancement, the minimum term of imprisonment was 15 years, or 180 months, with a maximum term of life in prison. (ECF No. 24, p. 22, ¶ 94-95).

A few days prior to Petitioner's sentencing, Petitioner sent a letter to the Court which was filed as a Motion to Appoint New Counsel (ECF No. 26). U.S. Magistrate Judge Erin Wiedemann held a hearing on the morning of March 11, 2020, wherein Judge Wiedemann addressed Petitioner's non-specific complaints about Mr. Alfaro concerning application of the United States Sentencing Guidelines and the ACCA. After hearing Petitioner's sworn testimony and Mr. Alfaro's statements *in camera*, the Court found Petitioner had not established justifiable

dissatisfaction for dismissing Mr. Alfaro and denied his request for new legal counsel. (ECF Nos. 29, 30). Petitioner proceeded to sentencing on the same day with Mr. Alfaro as his counsel. Using the PSIR's calculations and applying the ACCA's enhancements, U.S. District Judge Brooks imposed the mandatory minimum sentence of 180 months imprisonment, a $2,400 fine, three years of supervised release and a special assessment of $100. (ECF No. 32).

On March 30, 2020, Petitioner filed a direct appeal of his sentence, arguing that his prior convictions did not qualify as predicate offenses for application of the § 924(e) enhancement. Petitioner's sentence was affirmed by the Court of Appeals for the Eighth Circuit; the appellate court found no plain error had been committed and that Petitioner's sentence was not substantively unreasonable. *United States v. Escobar*, 830 Fed. Appx. 490, 491 (8th Cir. 2020). The mandate was issued on January 6, 2021, (ECF Nos. 40, 47, 47-1, 47-2), and Petitioner thereafter timely filed this Motion on January 3, 2022.

## II.     Petition for Habeas Corpus

Petitioner alleges two grounds for habeas relief under § 2255 which may be summarized as follows:

> (1)     Counsel was ineffective for failing to object to application of the ACCA enhancement with respect to sentencing because Petitioner's "convictions of less than two grams (2g) in violation of Ark. Code Ann. [§] 5-64-422(a)(b)(1) is not a 'serious drug offense.'"
>
> (2)     Counsel was ineffective when failing to object to application of the ACCA enhancement on the basis that it increased the mandatory minimum sentence "when [P]etitioner only pled guilty to a [§] 922(g) not 924(e)" in violation of *Alleyne v. United States,* 570 U.S. 99 (2003).

(ECF No. 48, pp. 4-5) (more fully discussed at ECF No. 48, pp. 14-20).

3

In its response, the United States contends that Petitioner's first ground is contradicted by the record and adversely has been decided against him on appeal, and that Petitioner's second ground is entirely without legal basis or merit.

### III.     Discussion

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). This Court's thorough review of Petitioner's § 2255 Motion and the files and records of his case conclusively illustrates that Petitioner is not entitled to relief, and the undersigned recommends the denial and dismissal of his § 2255 Motion with prejudice without an evidentiary hearing.

### A.  Ineffective Assistance of Counsel

The United States correctly notes that a movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996)  To prove a claim of ineffective assistance of counsel, Petitioner must demonstrate both that counsel's performance was deficient, and that counsel's deficient

4

performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id.* at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

   1.    **Failure to Object to Application of the ACCA**

Petitioner argues in Ground One that his counsel was ineffective for failing to challenge application of the ACCA enhancement. Petitioner's argument is unfounded. While Mr. Alfaro did not file written objections to the PSIR challenging application of the ACCA, during the sentencing hearing with Judge Brooks, Mr. Alfaro objected to the "severely punitive" effect of ACCA's application to Petitioner. (ECF No. 39, p. 18). Subsequently, Petitioner's counsel argued on appeal that the Eight Circuit Court of Appeals should reverse Judge Brooks' finding that the ACCA applied to Petitioner because his prior drug convictions do not qualify as "serious drug offenses" as a matter of law.

Petitioner's arguments are deficient in several aspects. Considering his undisputed criminal history, Petitioner has not identified how his counsel could have successfully challenged the ACCA's application. Counsel was not required to make a baseless argument and "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice,* 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). And counsel's inability to dissuade Judge Brooks on this issue does

not equate to a determination that counsel's competence was deficient or fell below the range of competence demanded of counsel in criminal cases. *See James v. Iowa,* 100 F.3d 586, 590 (8th Cir. 1996) (counsel is not ineffective simply because his arguments ultimately are unsuccessful). Petitioner has not demonstrated any reasonable probability that had counsel filed ACCA objections to the PSIR, or made different or additional arguments during Petitioner's sentencing hearing, the Court would have imposed anything other than the mandatory minimum sentence under § 924(e). Where a movant fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Additionally problematic for Petitioner is that the Court of Appeals addressed Petitioner's argument and resolved it adversely to him. That is, the Eighth Circuit found no error in Judge Brooks' consideration of Petitioner's prior convictions as qualifying predicates for application of the § 924(e) sentencing enhancement and affirmed Petitioner's sentence. Issues decided on direct appeal cannot be raised again in a § 2255 Motion. *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992) (per curiam) ("Claims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255.") For these reasons, Ground One offers Petitioner no relief.

 **2.  Failure to Object to Application of ACCA Because Pled to §922(g), Not §924(e)**

Petitioner argues in Ground Two of his § 2255 Motion that his counsel was ineffective for failing to challenge application of the ACCA enhancement as violative of *Alleyne v. United States*, *supra*. Petitioner's argument has been foreclosed as a matter of law. When deciding *Alleyne* (and finding that **facts** increasing a mandatory minimum must be submitted to a jury), the United States Supreme Court specifically recognized that its decision did not overrule the previously recognized

6

narrow-exception for prior convictions set forth in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). *See Alleyne,* 570 U.S. at 111, n.1 ("In *Almendarez,* . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit for purposes of our decision today.") Since *Alleyne*, the Eighth Circuit courts consistently have rejected Petitioner's argument. *See e.g., United States v. Willis*, 541 Fed. Appx. 730 (8th Cir. 2013) (finding the district court had no authority to impose a sentence below the statutory minimum and holding that "*Alleyne* does not apply to Willis' sentence because his status as an armed career criminal was based on prior convictions."). Although Petitioner is critical of Mr. Alfaro's decision not to challenge application of the ACCA under *Alleyne,* it cannot be ineffective assistance not to raise a meritless argument. *Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990); *Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994). *See also Haney v. United States,* 962 F.3d 370, 374-75 (8th Cir. 2020) (where sentencing argument had no merit, counsel was not ineffective in declining to advance it). Petitioner is entitled to no relief under Ground Two.

### B. No Evidentiary Hearing is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen*, 114 F.3d at 703 (quoting *Voytik*, 778 F.2d at 1308). Such are the circumstances in this case. Resolution of Petitioner's claims can be accomplished by reviewing the record and applicable law and thus, summary dismissal of Petitioner's § 2255 Motion without an evidentiary hearing is recommended.

### C.      No Certificate of Appealability is Warranted.

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the movant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

For the reasons stated herein, it is recommended that Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (ECF No. 48) be DENIED and DISMISSED WITH PREJUDICE. It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 31st day of January 2022.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE